UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON GRAY, | ) | CASE NO. 1:11 CV 1056 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>ORDER ADOPTING</u> |
| | ) | <u>REPORT AND RECOMMENDATION</u> |
| TERRY A. TIBBLAS, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr.. The Report and Recommendation (ECF #17) is hereby ADOPTED. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, raising nine grounds for habeas relief. (ECF #1). Magistrate Judge Baughman found that certain of petitioner's claims are procedurally defaulted, and that the remainder lacked merit. He recommended, therefore, that the Petition should be dismissed in part, and denied in part. The Petitioner timely filed objections to the Magistrate's findings. (ECF #20). Petition also filed a Motion to Hold Habeas Proceedings in Abeyance Pending Exhaustion of Pending State Postconviction Action. (ECF #21). The Respondent filed an opposition to this request. (ECF #22).

Addressing first the motion to stay the habeas proceedings, this Court finds that a stay is not warranted under the circumstances of this case.  The motion filed by Petitioner's "newly-retained" attorney seeks to stay this case pending resolution of a post-conviction petition still pending in state court.  The state post-conviction petition, however, contains claims that have been raised and adjudicated on direct appeal, and has no bearing on the Petitioner's habeas claims.  The post-conviction claims raised in state court necessarily are based on evidence outside the record.  Ohio Rev. Code § 2953.21(A).  Conversely, the habeas claims raised in the instant case are based entirely on evidence contained in the record and addressed in the Petitioner's direct appeal.  The motion to stay (ECF #21) is, therefore, denied.

Turning to the issues raised in the Petitioner's request for habeas relief, the Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made.  *See* FED. R. CIV. P. 72(b).  The Court finds Magistrate Judge Baughman's  Report and Recommendation to be well-supported, and correct.   The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate's Report and Recommendation.

As explained in the Report and Recommendation, Claims One, Two, Four and Five, although raised on direct appeal, involve issues that were not objected to at trial or any of the other pre-conviction proceedings.  The Ohio appeals court declined to address these claims on the merits because Petitioner waived the issues by failing to make any contemporaneous objections on those grounds.  The contemporaneous objection rule is a state-law procedural rule whose violation may form the basis for a procedural default in a federal habeas action.  Petitioner has offered no cause for these procedural defaults, nor has he indicated any prejudice

stemming from these claims which could satisfy a finding of plain error.

Claim eight is also procedurally defaulted because Petitioner did not present the claim as a federal constitutional issue on appeal. The allegations in this claim were addressed solely as a state law evidentiary issue in the state appeal. Such treatment does not fairly present the constitutional claim to the state court for proper review, and may be dismissed as procedurally defaulted. Claims One, Two, Four, Five, and Eight are, therefore, properly dismissed.

Claim Nine is dismissed because it is nothing more than a conclusory allegation that does not assert any factual or legal support, and cannot be properly addressed through any meaningful review. Further, even if reviewed on the merits, claim one (alleged error in assigning a visiting judge) raises no constitutional issue that could satisfy the grounds for habeas relief, and the record does not support a finding that the state court unreasonably applied clearly established federal law, or that Petitioner was prejudiced based on the allegations in claims two, four, five, eight, and nine.

The Report and Recommendation addressed the merits of Claims Three, Six, and Seven and correctly found that none of these claims establish that the state court engaged in any unreasonable application of clearly established federal law. The totality of the evidence presented at trial, when viewed in the light most favorable to the prosecution, is sufficient under federal law, to support the jury's finding of guilt. Further, the presence of a deputy sheriff by the Petitioner's side when he made his unsworn statement at trial does not rise to the level of prejudice contemplated in *Holbrook v. Flynn*, 475 U.S. 560 (1986), and contrary to the Petitioner's arguments in his objections, this analysis is not altered by the reasoning and analysis set forth in *Williams v. Taylor*, 529 U.S. 362 (2000), which factually had nothing to do with

-3-

security measures implemented during trial. Finally, the Magistrate's correctly found that the state court properly applied *Ake v. Oklahoma,* 470 U.S. 68 (1985) when it found that the denial of funds for an expert on eyewitness testimony was not a due process violation under the circumstances of this case.

The Magistrate's Report and Recommendation fully and correctly addresses all of the Petitioner's claims and the Petitioners objections are unwarranted. This Court, therefore, adopts the Magistrate's Report in its entirety. Claims One, Two, Four, Five, Eight and Nine are dismissed. Claims Three, Six, and Seven are denied, and the case is terminated.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*,

529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

Petitioner's motion for habeas corpus is hereby DENIED.  IT IS SO ORDERED.

  /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   October 10, 2013